**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2393-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALLEN JONES, a/k/a
ALLEN ELIJAH JONES III,
ALLEN JONES III and
ALLEN JONES JR.,

    Defendant-Appellant.

_____

Submitted March 11, 2020 – Decided February 22, 2021

Before Judges Fuentes and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 15-03-0729.

Joseph E. Krakora, Public Defender, attorney for appellant (Dianne Glenn, Designated Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Melinda A. Harrigan, Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Defendant Allen Jones appeals from an order of the Criminal Part denying his post-conviction relief (PCR) petition without conducting an evidentiary hearing.  We affirm.

On March 18, 2015, an Atlantic County grand jury returned an indictment charging defendant with second degree aggravated assault, N.J.S.A. 2C:12-lb(l), third degree terroristic threats, N.J.S.A. 2C:12-3b, third degree criminal restraint with risk of serious bodily injury, N.J.S.A. 2C:13-2a, fourth degree resisting arrest by flight by purposely preventing or attempting to prevent law enforcement officers from effecting a lawful arrest, N.J.S.A. 2C:29-2a(2), and first degree kidnapping by unlawful removal and confinement for a substantial period of time with the purpose of inflicting bodily injury to terrorize the victim, N.J.S.A. 2C:13-lb.  Other than the charge of resisting arrest, the victim in all of the charges was "M.R.," a woman whom defendant described as "my baby mother."[1]

---

[1]  Defendant used this phrase to describe the victim.  The judge who presided over the plea hearing and sentenced defendant referred to the victim in the Judgement of Conviction dated January 26, 2016 as defendant's "former girlfriend [and] the mother of his children."  We identify the victim by her initials to protect her privacy. See R. 1:38-3(c)(12).

A-2393-18

On July 30, 2015, defendant entered into a negotiated agreement with the State through which he pled guilty to second degree aggravated assault and third degree criminal restraint with risk of serious bodily injury. Defense counsel provided the following description of the terms of the plea agreement:

> [W]e propose to resolve this case by way of plea of guilty to count 1 on the indictment, that's an aggravated assault, serious bodily injury, second-degree offense. The remaining counts and related charges would be recommended for dismissal. As far as the recommendation pursuant to the negotiation, the defendant stipulates persistent offender status.[2] The court will make findings regarding the extended term. The sentence range the State is seeking is 10 to 15 years New Jersey State Prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2 The State is going to argue for 15. The plea is entered pursuant to Rule 3:9-3(b) and I explained to my client that it doesn't take his right to appeal away, but it does indicate that if he does exercise his right to appeal of this negotiated plea, then the State would have the right to withdraw from the plea agreement, reinstitute all the charges and start the

---

[2] Pursuant to N.J.S.A. 2C:44-3(a):

> A persistent offender is a person who at the time of the commission of the crime is 21 years of age or over, who has been previously convicted on at least two separate occasions of two crimes, committed at different times, when he was at least 18 years of age, if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced.

> matter over again with everything back on the table. No contact with the victim.  I have nothing further.
>
> [(Emphasis added).]

The State also agreed to dismiss the remaining charges in the indictment. The judge addressed defendant directly at the plea hearing and confirmed on the record that he understood the terms of the plea agreement, knowingly and voluntarily agreed to plead guilty, and was satisfied with the performance of defense counsel.  The judge also confirmed that defendant had read and discussed with defense counsel all of the plea forms, including the form that described the eighty-five percent period of parole ineligibility restrictions and the mandatory three-year period of parole supervision under NERA.

In response to the judge's questions, defendant provided the following factual basis under oath:

> THE COURT: Let's talk about count 1, that alleges a second degree [aggravated] assault.  On September 27, 2014, were you in Atlantic City?
>
> DEFENDANT: Yes.
>
> THE COURT: Where in Atlantic City were you when you committed the offense?
>
> DEFENDANT: Harrah's Casino.
>
> . . . .

A-2393-18

THE COURT:  And did you . . . attempt to cause or did you purposely, knowingly or recklessly cause [M.R.] serious bodily injury?

DEFENDANT: Yes.

THE COURT: Did you strike her?

DEFENDANT: Yes.

THE COURT: Where did you strike her?

DEFENDANT: In the face.

THE COURT: And as a result of striking in the face, what kind of injury did she sustain?

DEFENDANT: A bruise over her right eye.

THE COURT: I understand there was some bleeding as well.

    . . . .

DEFENDANT: There was bruising over the right eye.

THE COURT: And were stitches required, if you know, to close the wound?[3]

DEFENDANT: Yes.

---

[3]  The appellate record contains photographs of M.R. taken shortly after she was treated for her injuries.  The photographs show defendant had bruises on her face and stiches over one eye.  Atlantic Care Regional Medical Center records dated September 27, 2014, document that M.R. suffered "multiple contusions on right upper extremity, facial contusions and lacerations."

A-2393-18

The judge scheduled the sentencing hearing for September 18, 2015. Defendant returned to court on August 3, 2015, to allow defense counsel to place on the record that the plea agreement entered into on July 30, 2015, was based on a misapprehension of defendant's criminal record. Defense counsel explained that she and the Assistant Prosecutor erroneously believed that defendant's criminal record made him eligible to an extended term as a "persistent offender" under N.J.S.A. 2C:44-3(a). The original plea agreement allowed the State to argue that the court impose an extended term of fifteen years subject to NERA. Defendant's actual criminal record did not make this arrangement legally possible.

Defense counsel explained that she "attempted to remedy" this problem by having defendant plead guilty to an additional count of third degree terroristic threats. The State would be free to argue that the court sentence defendant to a ten-year term on the second degree aggravated assault, which is subject to NERA, to run consecutive to a five-year non-NERA term on the third degree terroristic threats. As defense counsel noted: "I explained to him that I thought that it meant him hitting the street sooner." However, defendant rejected this proposal and asked the court to allow him to plead guilty to second degree aggravated assault, with a maximum sentence of ten years subject to NERA.

6

The judge explained to defendant that this arrangement was no longer available to him. Thus, the only options available were for him to stand trial before a jury or accept the State's new plea offer. After conferring with his attorney, defendant agreed "to modify the terms of the plea that was entered into [on July 30, 2015]." Defendant agreed to stand by his guilty plea of second degree aggravated assault and plead guilty to third degree terroristic threats. Under this modified agreement, the State would request that the court sentence defendant to a ten-year maximum sentence subject to NERA on the second degree offense, to run consecutive to a five-year flat term on the third degree offense. Defendant was free to argue that the court impose a lesser sentence. Defense counsel noted: "My client understands . . . that the NERA sentence will run first and then the non-NERA sentence would run on top of it for an aggregate number."

At this point the judge questioned defendant directly, again under oath, and reviewed with him on the record the ramifications of his decision to accept the terms of the modified plea agreement. The judge then questioned defendant to ensure there was a valid and complete factual basis for both the second degree aggravated assault and the third degree terroristic threats.

A-2393-18

On January 7, 2016, the court sentenced defendant to a nine-year term of imprisonment on the second degree aggravated assault count, with an eighty-five percent period of parole ineligibility and three years of parole supervision under NERA, to run consecutive to a four-year term on the third degree terroristic threats count. The court granted the State's motion to dismiss the remaining counts in the indictment.

Defendant thereafter filed a direct appeal to this court challenging the sentence under the summary process available in Rule 2:9-11. The appeal came for oral argument before this court on September 21, 2016. In an order entered that same day, we remanded for the trial court to reconsider the imposition of consecutive sentences under the standard established by our Supreme Court in State v. Yarbough, 100 N.J. 627, 643-44 (1985). Adhering to this court's order, the trial court resentenced defendant on November 14, 2016 to a nine-year term, subject to NERA, on the aggravated assault conviction to run concurrent to a four-year term on the terroristic threats. Defendant again filed a direct appeal to this court challenging the sentence through summary process in Rule 2:9-11. We affirmed the trial court's revised sentence in an order dated on May 3, 2017. The Supreme Court thereafter denied defendant's petition for certification. State v. Jones, 230 N.J. 559 (2017).

On October 23, 2017, defendant filed this pro se PCR petition[4] alleging ineffective assistance of his defense counsel. The court assigned counsel to represent defendant in the prosecution of his PCR petition. The judge assigned to adjudicate defendant's petition was not the same judge who presided over the plea and sentencing hearings. PCR counsel submitted a brief in which he claimed

> that trial counsel was ineffective for failing to make a motion to dismiss the indictment with prejudice because the prosecutor gave misleading, willfully false and inaccurate testimony, unsupported by evidence as to the "assaulting [of] the alleged victim" thereby resulting in a defective and tainted indictment and violating the defendant's constitutional right to due process.

According to PCR counsel, defendant would not have pled guilty if his trial attorney had filed such a motion to dismiss the indictment with prejudice. In a separate pro se brief, defendant claimed that defense counsel "took personal offense to the alleged crime against a woman and because of her biases she did not provide adequate assistance to him." When asked by the court if defendant's argument was based purely on gender bias, PCR counsel responded: "It seems

---

[4] Defendant actually signed the petition on September 26, 2017.

to me the client's saying that because the injury occurred to a woman and because of her biases, which have not been defined[.]"

When pressed by the PCR judge to identify what evidence in the record supported his claim of gender bias by his former defense counsel, defendant stated:

> I felt like the biases was 'cause I asked her to do stuff for me [and] she did not do anything I asked.  I felt like I got railroaded and when I asked her to like do investigation about the case and she did not do nothing at all.
>
> . . . .
>
> Because I felt like she wasn't adequate. She wasn't coming to do nothing at all for me. That's why.  I might have put the wrong word.

The PCR judge rejected defendant's claims of gender bias and ineffective assistance of defense counsel.  The PCR judge held that defendant's principal argument was based on defense counsel's alleged failure to determine the extent of the victim's injuries prior to negotiating a plea agreement with the State. According to defendant, a proper investigation would have revealed that the victim's injuries were not serious enough to support a finding of aggravated assault.  The PCR judge found the evidence established:

> [The] police observed a female passenger [M.R.] curled up on the floor in a fetal position. [M.R.'s] face was

10

covered in blood and a gash was over her eye, An ambulance was called and [M.R.] told the police that . . . [d]efendant assaulted her by punching her in the face repeatedly while also kicking and strangling her. [M.R.] claimed that the assault was so brutal that at one point, she blacked out. Meanwhile, . . . [d]efendant took off running down the street away from the police officers. A chase ensued and when the police apprehended . . . [d]efendant, he continued to resist by refusing to get on the ground as instructed. The police had to forcibly take . . . [d]efendant down to the ground and used a compliance hold to place him in handcuffs.

The PCR judge did not find any basis to conclude defendant established a prima facie case of ineffective assistance of counsel under the two-prong standard established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Consequently, the PCR judge concluded an evidentiary hearing was not necessary.

On appeal, defendant raises the following argument:

> DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL WHICH WARRANTED AN EVIDENTIARY HEARING AND REVIEW ON THE MERITS.

We reject this argument substantially for the reasons expressed by Judge Benjamin Podolnick's comprehensive findings and well-reasoned analysis in his memorandum of opinion dated November 5, 2018. We add only the following

brief comments. Defendant is guilty of second degree aggravated assault because there is evidence in the record that established he attempted to cause serious bodily injury to M.R., or actually caused such injury purposely or knowingly. N.J.S.A. 2C:12-1b(1). The Criminal Code defines "serious bodily injury" as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." N.J.S.A. 2C:11-1. The medical evidence of the treatment provided to M.R. supports Judge Podolnick's findings.

The record reviewed by Judge Podolnick shows M.R. suffered a laceration over one eye that required seven stiches. Her face also showed other contusions and lacerations. Defendant admitted under oath that he caused these injuries when he attacked M.R. multiple times with his fists. Defendant physically resisted the police officers when they responded to the scene of the attack. In fact, he used so much force that it took several officers to detain and handcuff him.

In determining a claim of ineffective assistance of counsel in a case in which a defendant has pled guilty, the issue is whether defendant's counsel provided misleading or materially incorrect information that results in an uninformed plea. State v. Nuñez-Valdéz, 200 N.J. 129, 139-40 (2009); State v.

Smullen, 437 N.J. Super. 102, 108-09 (App. Div. 2014).  We discern no legal or factual basis to disturb Judge Podolnick's findings and ultimate decision to deny defendant's PCR petition.  Defendant's claims of gender bias by defense counsel lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2393-18