**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4112-18

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

LEO P. JOHNSON,

      Defendant-Appellant.

_____

> Submitted January 26, 2021 – Decided March 26, 2021
>
> Before Judges Gilson and Moynihan.
>
> On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment Nos. 12-09-1831 and 12-12-2482.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M. Hebbon, Designated Counsel, on the brief).
>
> Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (William Kyle Meighan, Senior Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from a March 6, 2019 order denying his petition for post-conviction relief (PCR). He contends that the PCR court should have granted him an evidentiary hearing on his claim that his plea counsel was ineffective in failing to inform him that his guilty plea to drug charges would delay his eligibility to apply to end his community supervision for life (CSL), which had been imposed on him in connection with a prior conviction. We reject this argument and affirm.

I.

In 2000, defendant pled guilty to second-degree sexual assault in violation of N.J.S.A. 2C:14-2(c)(4). He was sentenced to three years in prison and, upon release, CSL as required by N.J.S.A. 2C:43-6.4. A person who is sentenced to CSL "may petition" for release if that person can establish that he or she "has not committed a crime for [fifteen] years since the last conviction or release from incarceration, whichever is later, and that the person is not likely to pose a threat to the safety of others if released from parole supervision." N.J.S.A. 2C:43-6.4(c).

In 2012, in two separate indictments, defendant was charged with numerous drug-related offenses. In 2014, he pled guilty to two crimes, one from each of the indictments. Specifically, defendant pled guilty to third-degree

distribution of heroin, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3), and third-degree possession of heroin with the intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3). Thereafter, defendant was sentenced to concurrent terms of 364 days in jail and, because he had already served that time, he was released. Defendant did not file a direct appeal.

In May 2018 defendant petitioned for PCR. He was assigned counsel and the PCR court heard oral argument. Defendant argued that his plea counsel had been ineffective in failing to advise him that by pleading guilty to the drug crimes, his eligibility to apply for release from CSL would be delayed. The PCR court rejected that contention, reasoning that defendant had not shown ineffective assistance of counsel or prejudice. The PCR court also denied defendant's request for an evidentiary hearing.

## II.

On appeal, defendant argues:

> POINT I – THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
>
> A. The Prevailing Legal Principles Regarding Claims Of Ineffective Assistance Of Counsel,

Evidentiary Hearings And Petitions For Post Conviction Relief.

B. Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Inform Defendant That His Guilty Plea Would Extend The Eligibility Period For Termination Of The Community Supervision For Life That Was Previously Imposed On An Unrelated Conviction.

C. Defendant Is Entitled To A Remand To The Trial Court To Afford Him An Evidentiary Hearing To Determine The Merits Of His Contention That He Was Denied The Effective Assistance Of Trial Counsel.

Where, as here, the PCR court has not conducted an evidentiary hearing, legal and factual determinations are reviewed de novo. State v. Harris, 181 N.J. 391, 419 (2004). The decision to proceed without an evidentiary hearing is reviewed for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 57-58 (1987). On petitions brought by a defendant who has

entered a guilty plea, a defendant satisfies the first <u>Strickland</u> prong if he or she can show that counsel's representation fell short of the prevailing norms of the legal community. <u>Padilla v. Kentucky</u>, 559 U.S. 356, 366-67 (2010). A defendant proves the second component of <u>Strickland</u> by establishing "a reasonable probability that" defendant "would not have pled guilty," but for counsel's errors. <u>State v. Gaitan</u>, 209 N.J. 339, 351 (2012) (quoting <u>State v. Nuñez-Valdéz</u>, 200 N.J. 129, 139 (2009)).

Defendant argues that his plea counsel was ineffective for failing to advise him that pleading guilty to drug offenses would delay when he could apply for release from CSL. We reject this argument because defendant cannot satisfy either prong of the <u>Strickland</u> test.

Defendant has cited no case holding that a defendant pleading guilty to new charges must be advised of the consequences of those convictions on his CSL. Defendant is not claiming that he was misadvised; rather, he is claiming that his counsel should have discussed the impact on his CSL.

A person subject to CSL is not automatically entitled to release from supervision. Instead, the parolee must apply for and obtain a court order. N.J.S.A. 2C:43-6.4(c). The court can approve a release from CSL only if the parolee establishes two grounds: (1) fifteen years have passed since that person

A-4112-18

was last convicted or released from prison, whichever is later; and (2) the person is not likely to pose a threat to the safety of others if released from supervision. Ibid. While CSL is a penal consequence of certain sex offense convictions, State v. Schubert, 212 N.J. 295, 308 (2012); State v. Jamgochian, 363 N.J. Super. 220, 224 (App. Div. 2003), it is not a penal consequence of defendant's drug convictions. Instead, defendant's conviction for the drug crimes had a collateral consequence of extending the time until he could apply to be released from CSL.

Given that was a collateral consequence, there was no requirement that plea counsel advise defendant of that consequence. State v. Bellamy, 178 N.J. 127, 137 (2003) (recognizing defendants generally do not need to be informed of collateral consequences of their plea); State v. Smullen, 437 N.J. Super. 102, 109 (App. Div. 2014) (where CSL is triggered by an offense and a "material aspect of a plea agreement," defendant must be informed about its ramifications); see also State v. Williams, 342 N.J. Super. 83, 91-92 (App. Div. 2001) (reversing the grant of a request to withdraw a guilty plea where defendant was not misinformed of the details of CSL).

Moreover, the consequences of a new conviction were clearly spelled out in the statute defendant relies on to argue that he expected to be released from CSL. N.J.S.A. 2C:43-6.4(c). In his petition, defendant contends that he knew

he had to wait fifteen years before seeking to be released from CSL. The statute that gave that right, however, also clearly explained that the fifteen years ran from defendant's most recent conviction or release from prison, whichever was later. Ibid. No one misinformed defendant concerning the meaning of that statute. When defendant pled guilty to the drug offenses, he acknowledged that he was on CSL, that CSL would continue, and that he nevertheless wanted to plead guilty.

Defendant has also made no showing that there was a reasonable probability that he would not have pled guilty even if he was told about the impact on his CSL. Defendant was facing eleven charges in two separate indictments, including three second-degree charges. Had he proceeded to trial and been convicted, he could have faced over ten years in prison. See N.J.S.A. 2C:43-6(a)(2). Under the plea bargain, defendant was sentenced to 364 days in jail, which after 404 days of jail credit was essentially time served.

Finally, we reject defendant's contention that he was entitled to an evidentiary hearing. A petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013). A PCR court should only grant an evidentiary hearing "if a defendant has presented a prima facie claim in support of post-conviction relief." State v. Preciose, 129 N.J. 451, 462 (1992).

A-4112-18

Here, defendant failed to make that showing and he therefore was not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION